(115 App. Div. 12)

### CRESWELL v. UNITED SHIRT & COLLAR CO.

(Supreme Court, Appellate Division, Third Department.    September 18, 1906.)

MASTER AND SERVANT—INJURIES TO SERVANT—ACCIDENTAL INJURY.

Where, for the first time in nine years' use of a printing press, a lever flew back and startled the employé, who was operating it, so that he involuntarily thrust his hand into some of the machinery of the press, and received an injury, the injury could not reasonably have been anticipated in the exercise of ordinary care and prudence, and the employer was not liable therefor.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 162, 163.]

Smith, J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by William T. Creswell against the United Shirt & Collar Company. From a judgment in favor of plaintiff, from an order denying a new trial, and from an order amending the last-mentioned order, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Rosendale & Hessberg (J. Murray Downs, of counsel), for appellant.
James R. Stevens (John Scanlon, of counsel), for respondent.

COCHRANE, J. The defendant is engaged in the business of making and selling shirts, collars, and cuffs in the city of Troy, N. Y. In such business it operates printing presses for the purpose of printing box labels. On July 1, 1904, the plaintiff an employé of the defendant was engaged in the work of printing labels with one of said printing presses. A part of the mechanism of such press known as the "throw-off" bar or lever flew back, and startled the plaintiff so that involuntarily he thrust his hand into some of the machinery of the press, and received an injury for which he has been awarded a verdict in this action. At the time of the accident the injured hand was under the press catching some labels which fell therefrom. This was not the usual way to perform the work but for some reason such method was being used by direction of defendant's foreman. It is claimed that the defendant was negligent in permitting the throw-off bar or lever to be out of repair so that it did not stay locked when pushed forward as it would have done if it had been in proper condition. About a month before the accident, plaintiff noticed that the lever was loose, and so notified the defendant's foreman who told him that it was all right, and that he should proceed with the work. The press was of a kind which was in common use. It had been used by the defendant for about nine years and no accident therewith had ever occurred, and the lever never flew back prior to the accident.

This accident was of such a nature that it could not reasonably have been anticipated by the defendant in the exercise of ordinary care and prudence. The printing press was not a dangerous instrument. Nor did it become dangerous in the ordinary sense of the term when the lever became loose and wabbled. That may have impaired its usefulness and efficiency but such impaired usefulness did not render it

dangerous or unsafe. There is no evidence that the defect which caused the wabbling also produced or contributed to the injury. When the plaintiff called attention to the looseness of the lever his purpose was to direct the defendant's attention to the fact that it was or might be in need of repair in order to perform its work properly and effectively. There is no reason to suppose that either the plaintiff or the defendant's foreman had any idea that the looseness of the lever would make it dangerous to work with the press. Plaintiff both in his complaint and in his testimony states in substance that the lever suddenly flew back, and that the noise of its impact against another part of the machine which it naturally struck startled and nervously shocked him to such an extent that unconsciously and involuntarily he thrust his hand into the machinery. It was no part of the defendant's duty to diagnose the nervous organism of its employés. Ordinary care on the part of the defendant did not require it to anticipate such an effect on the nervous system of the plaintiff. If any other employé near this press but not working therewith had been similarly startled by the unusual manifestation of this same lever and as a result had involuntarily thrust his hand into some machinery could it be successfully claimed that he had a cause of action therefor against the defendant? If this judgment stands such question must receive an affirmative answer. The defendant was not bound to foresee and provide against such a casualty. To prognosticate an accident like this would require almost prophetic vision. Failure to guard against that which has never occurred and which is very unlikely to occur and which does not naturally suggest itself to prudent men as something which should be guarded against is not negligence. Favro v. Troy & West Troy Bridge Company, 4 App. Div. 241, 38 N. Y. Supp. 433.

The judgment and orders must be reversed, and a new trial granted with costs to the appellant to abide the event.

All concur, except SMITH, J., who dissents.

SMITH, J. (dissenting). This action is brought under the employers' liability act. The question of contributory negligence, and of assumption of risk were properly submitted to the jury.

Plaintiff was by the direction of defendant's foreman working with his hand under the printing press in dangerous proximity to the machinery by which he was afterwards hurt. The natural effect of the sudden flying back of this lever within a few inches of the plaintiff's person, although it could not reach him, was to startle him to an extent by which he might be thrown off his guard as to the dangerous situation in which his hand was placed in performance of defendant's work. With full knowledge then of this dangerous situation, defendant permitted this lever to be insecurely fastened. If plaintiff's evidence be true, this fact caused his injury. Whether, under such circumstances, permitting this lever so to remain was or was not an act of negligence was, I think, a question for the jury and their determination thereof cannot, in my judgment, be said to be against the weight of evidence.